642 S.E.2d 760

**MOSSERI, MOSSERI, CASTRO, Respondent,**

**v.**

**AUSTIN'S AT THE BEACH, INC. and Paris, Inc., Defendants,**

**Of whom Austin's at the Beach is the Appellant.**

**No. 4215.**

Court of Appeals of South Carolina.

Submitted Jan. 1, 2007.

Decided March 12, 2007.

Richard L. Whitt, Austin, Lewis & Rogers, P.A., of Columbia, for Appellant.

Mosseri, Mosseri, Castro, pro se, Respondents.

WILLIAMS, J.:

Austin's at the Beach (Austin's) appeals the circuit court's ruling affirming the magistrate's order retaining jurisdiction over causes of action brought by the plaintiff landlord (Mosseri) against the defendant tenant (Austin's) and over the counterclaims brought by Austin's against Mosseri. We reverse.

## FACTS

Mosseri owns commercial property in Myrtle Beach, South Carolina, which has been used as a restaurant. Mosseri leased the property to Paris, Inc., which later assigned the lease to Austin's. Austin's operated a restaurant on the property for several years. Rent for the property was payable in two installments of $14,000 due March 1 and September 1 of each year. Austin's made a partial payment of $6,999 on September 1, 2000, leaving a balance of $7,001. Austin's also failed to pay the water bill.

Austin's claims it was justified in not paying the remaining rent on the property because it was in deplorable condition. Austin's alleges the restaurant was electrically unsafe, was not heated or cooled, and had plumbing which was in a state of disrepair. Austin's also avers that Mosseri placed a "for rent" sign in front of the restaurant, causing customers to be confused and ultimately hurting the business. Consequently, on November 30, 2000, Austin's vacated the premises claiming it was constructively evicted.

On February 13, 2001, Mosseri filed the underlying suit in magistrate's court for breach of the lease contract, demanding damages under the $7,500 jurisdictional limit. Austin's counterclaimed alleging several causes of action including: (1) three causes of action for constructive eviction, seeking damages of $23,330, $5,835.50, and an amount to be determined; (2) conversion of electrical service; (3) two causes of action for

unjust enrichment; (4) loss of business revenue totaling $8,500; and (5) failure to return the security deposit.

Austin's attempted to remove the case to circuit court pursuant to Section 22–3–30 of the South Carolina Code (Supp.2005) because two of Austin's counterclaims were for more than the $7,500 jurisdictional limit for magistrate's court. The magistrate's court disagreed with Austin's and retained jurisdiction pursuant to Section 22–3–10(10) of the South Carolina Code (Supp.2005). Austin's filed a timely motion to reconsider, which was denied by the magistrate's court. Austin's then filed a timely appeal to the circuit court. The circuit court affirmed the magistrate's prior rulings. This appeal follows.

## DISCUSSION

Austin's claims the circuit court erred in affirming the magistrate's order retaining jurisdiction pursuant to Section 22–3–10(10) of the South Carolina Code (Supp.2005). We agree.

The magistrate's court has concurrent jurisdiction with the circuit court in contract actions for the recovery of money only, if the sum claimed does not exceed $7,500. S.C.Code Ann. § 22–3–10(1) (Supp.2005). This jurisdictional limit does not apply to "matters between landlord and tenant and the possession of land as provided in Chapters 33 through 41 of Title 27. . . ." S.C.Code Ann. § 22–3–10(10) (Supp.2005). The magistrate's court will retain jurisdiction in cases involving landlord and tenant and the possession of land even when any counterclaim exceeds $7,500. S.C.Code Ann. § 22–3–10(12) (Supp.2005). In cases that do not fall under Section 22–3–10(12) of the South Carolina Code "[w]hen a counterclaim is filed which if successful would exceed the civil jurisdictional amount as provided in Section 22–3–10, then the initial claim and counterclaim must be transferred to the docket of the common pleas court for that judicial circuit." S.C.Code Ann. § 22–3–30 (Supp.2005).

Chapters 33 through 41 of title 27 of the South Carolina Code deal with creation, construction and termination of leasehold estates, ejectment of tenants, rent, undertenants of life tenants, and the Residential Landlord Tenant Act (which is

not applicable to non residential leaseholds). The common theme of chapters 33 through 41 is possession of the property.

Likewise, possession of the property must be in dispute for the case to fall under Section 22–3–10(10) of the South Carolina Code. Austin's argues that possession of the property is not an issue in any of the causes of action. In fact, Austin's does not claim possession and Mosseri does not claim that Austin's is in wrongful possession of the property. Austin's moved out of the property when it felt it had been constructively evicted.

While it is true this dispute is between a landlord and a tenant, Section 22–3–10(10) specifically lists an additional requirement for the magistrate's court to retain jurisdiction: the dispute must involve a "landlord and tenant *and the possession of land.*" (emphasis added). Because the statute's language is clear and unambiguous and conveys a clear and definite meaning, there is no need for statutory interpretation by this Court. *See Grant v. City of Folly Beach,* 346 S.C. 74, 79, 551 S.E.2d 229, 231 (2001).

In this case, the two counterclaims that exceed the $7,500 jurisdictional limit clearly do not involve the possession of land as provided in chapters 33 through 41 of Title 27. The constructive eviction cause of action merely seeks monetary damages caused by Mosseri's alleged failure to provide the tenant with property which was safe for the purposes for which it was leased. Austin's was not in possession of the property and did not seek possession of the property when this case was filed. The other cause of action, for loss of business revenue, is likewise not related to possession of the property.

Because possession of property was never an issue in the underlying case, nor in the counterclaims, and Austin's counterclaimed for amounts in excess of the magistrate's court's jurisdictional limit as provided in Section 22–3–10 of the South Carolina Code (Supp.2005), this case should have been transferred to the court of common pleas pursuant to Section 22–3–30 of the South Carolina Code (Supp.2005).

Accordingly, the circuit court's decision is

**REVERSED.**[1]

HEARN, C.J., and KITTREDGE, J., concur.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.