644 S.E.2d 751

**Edward P. BOWERS, Respondent,**

v.

**Jerry D. THOMAS, Appellant.**

**No. 4221.**

Court of Appeals of South Carolina.

Heard March 6, 2007.

Decided March 19, 2007.

Rehearing Denied May 17, 2007.

---

242

Deborah Harrison Sheffield, of Columbia, for Appellant.

Philip J. Corson, of Lake Wylie, for Respondent.

ANDERSON, J.:

Jerry Thomas appeals the circuit court's order terminating his lease agreement with Edward Bowers. Thomas contends: (1) there was insufficient notice to terminate the lease agreement; (2) the lease could not be terminated based on the tardy payment of the June rent; and (3) the circuit court erred in denying his request for a jury trial. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

On March 1, 2005, Bowers and Thomas entered into a written rental agreement governed by the South Carolina Residential Landlord and Tenant Act ("the RLTA"). Rent was due and payable in advance on the first day of each month. The rental agreement gave Thomas the option to

purchase the property, provided Thomas was not in default at the time. The agreement provided:

LANDLORD'S REMEDIES. If Tenant defaults in the payment of rent, or any other item to be paid by Tenant under this Lease, and that default is not cured within ten (10) days, except for the payment of rent, after written notice of default by Landlord to Tenant, *it being agreed that rent shall be due and payable without notice,* Landlord may re-enter and take possession of the Premises and remove all persons and property from the Premises, and at its option terminate this Lease, and shall have such rights as are available under South Carolina law. Tenant and Landlord agree that if rent is not paid within ten (10) days of its due date, this Lease and the attached Option Agreement shall both terminate immediately without further notice.

(Emphasis in original).

In June 2005, Thomas failed to pay the June rent at the time it was due. After receiving written notice of his June default and Bowers' intent to terminate the lease, Thomas delivered a check for the rent to Bowers' attorney. The check, dated June 23, 2005, was returned to Thomas' lawyer. Thomas' lawyer then mailed the check back to Bowers' counsel; however, it was never received, and the June rent remained unpaid.

Rent payments continued to be late. The July 2005 rent was not paid until the fourteenth of the month. On July 15, 2005, Bowers gave Thomas written notice of nonpayment of rent when due and his intention to terminate the lease agreement if rent was not paid within ten days from the due date. Specifically, the notice stated:

If you do not pay your rent on time this is your notice. If you do not pay your rent within 10 days of the due date, the landlord can start to have you evicted. You will get no other notice as long as you live in this rental unit.

The August 2005 rent was not paid within ten days of its due date. On August 11, 2005, the magistrate issued an order and rule to show cause, ordering Thomas to either vacate the premises, or appear and show cause why he should not be evicted. On August 12, 2005, Thomas delivered a check to

Bowers' attorney with the mutual agreement that such acceptance would not constitute a waiver of any default.

A bench trial was scheduled for August 23, 2005. Four working days before the trial, Thomas requested a jury trial. The magistrate denied the request as untimely, but rescheduled the bench trial. After the bench trial on September 1, 2005, the magistrate ordered Thomas's eviction and payment of all accrued rent. Thomas appealed to the circuit court, which affirmed the magistrate's order.

## STANDARD OF REVIEW

Section 18–7–170 of the South Carolina Code (1985) articulates the standard of review to be applied by the circuit court in an appeal of a magistrate's judgment:

> Upon hearing the appeal, the appellate court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits. In giving judgment, the court may affirm or reverse the judgment of the court below, in whole or in part, as to any or all the parties and for errors of law or fact.

*See also Hadfield v. Gilchrist*, 343 S.C. 88, 92–93, 538 S.E.2d 268, 270 (Ct.App.2000).

While the Circuit Court maintains a broad scope of review, our standard is more limited:

> [T]he Court of Appeals will presume that an affirmance by a Circuit Court of a magistrate's judgment was made upon the merits where the testimony is sufficient to sustain the judgment of the magistrate and there are no facts that show the affirmance was influenced by an error of law.

*Burns v. Wannamaker*, 281 S.C. 352, 357, 315 S.E.2d 179, 182 (Ct.App.1984). Specifically, "[i]n ejectment proceedings first heard in magistrate's court, the Court of Appeals is without jurisdiction to reverse the findings of fact of the circuit court if there is any supporting evidence." *Vacation Time of Hilton Head Island, Inc. v. Kiwi Corp.*, 280 S.C. 232, 233, 312 S.E.2d 20, 21 (Ct.App.1984). "Unless we find an error of law, we will affirm the judge's holding if there are any facts supporting his decision." *Hadfield*, 343 S.C. at 94, 538 S.E.2d at 271.

██ However, as recognized in *Hadfield,* the Court of Appeals still retains de novo review of whether the facts show the circuit court's affirmance was controlled or affected by errors of law. *Hadfield* at 92–93, 538 S.E.2d 268, 53 S.E.2d at 270. Our Supreme Court, in *Stanford v. Cudd,* 93 S.C. 367, 370, 76 S.E. 986, 987 (1913), held that where the testimony is sufficient to sustain a judgment of the magistrate's court, and it is affirmed on appeal to the circuit court, this court will assume the circuit court affirmed the judgment on the merits, in the absence of facts showing the affirmance was controlled or affected by errors of law.

### *LAW/ANALYSIS*

### A. Default

Thomas contends the circuit court erred in finding there was legally sufficient notice to justify termination of his lease. We disagree.

Section 27–40–710 of the South Carolina Code (2007) governs a landlord's remedies in situations where a tenant fails to pay rent when due. In pertinent part, section 27–40–710(B) states:

> If rent is unpaid when due and the tenant fails to pay rent within five days from the date due or the tenant is in violation of section 27–40–540, the landlord may terminate the rental agreement provided the landlord has given the tenant written notice of nonpayment and his intention to terminate the rental agreement if the rent is not paid within that period. The landlord's obligation to provide notice under this section is satisfied for any lease term after the landlord has given one such notice to the tenant or if the notice is contained in conspicuous language in a written rental agreement. The written notice requirement upon the landlord under this subsection shall be considered to have been complied with if the rental agreement contains the following or a substantially equivalent provision:
> "IF YOU DO NOT PAY YOUR RENT ON TIME
> This is your notice. If you do not pay your rent within five days of the due date, the landlord can start to have you evicted. You will get no other notice as long as you live in this rental unit."

The presence of this provision in the rental agreement fully satisfies the "written notice" requirement under this subsection and applies to a month-to-month tenancy following the specified lease term in the original rental agreement.

(Emphasis in original).

■■ Thomas contends the circuit court erred in finding that Bowers gave proper notice of non-compliance with the lease agreement, under section 27–40–710(B). In this instance, notice was provided not by "conspicuous language" in the parties' lease agreement, but by the July 15, 2005 letter mailed notifying Thomas that any subsequent nonpayment would result in eviction. This letter indubitably satisfies the language contained in section 27–40–710(B). Despite receiving this notice in July, Thomas failed to pay his August rent in a timely manner. In fact, the August rent was not paid until after the magistrate issued the rule to show cause.

Because a landlord's obligation to provide notice is satisfied for any lease term after the landlord has given one such notice to the tenant, the landlord was not required to furnish any separate or additional written notice to Thomas in order to commence proceedings in August for nonpayment of rent when due. *See* S.C.Code Ann. § 27–40–710(B) (2007). Accordingly, the circuit court did not err in finding there was· sufficient notice to terminate the lease after the late payment of the August rent.

Thomas devotes a great deal of his brief to the position that the language in the lease agreement was not "bold and conspicuous" as required by the statute. However, we need not reach this issue because Thomas had sufficient notice under section 27–40–710(B) from the July 2005 letter of the consequences if he failed to pay his rent in a timely manner.

Additionally, Thomas argues the lease agreement should not have been terminated based on the June rent because his rent check was returned to him after he delivered it to Bowers' attorney. However, this argument is flawed as the lease was not terminated based on Thomas's failure to pay the June rent, but rather was terminated based on his failure to pay the August rent after the notice was sent in July. The June check was dated June 23, 2005, twenty-two days after its due date.

This check was lost, and as of the date of the circuit court's order, payment for June rent has not been made and Thomas is still liable for the June 2005 rent.

## B. Jury Trial

Thomas contends the circuit court erred in denying his request for a jury trial. We disagree.

Initially, this issue has not been preserved for our review. Bowers never objected to the magistrate's ruling concerning a jury trial. An issue not raised to and ruled upon by the court is not preserved for appeal. *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998). Furthermore, Thomas has waived this issue. If an order deprives a party of a mode of trial to which that party is entitled as a matter of right, the order is immediately appealable and failure to do so forever bars appellate review. *Flagstar Corp. v. Royal Surplus Lines*, 341 S.C. 68, 72, 533 S.E.2d 331, 333 (2000); *Foggie v. CSX Transp., Inc.*, 315 S.C. 17, 23, 431 S.E.2d 587, 590 (1993). Because Thomas failed to immediately appeal his denial of a jury trial, he is barred from raising this issue on appeal.

Moreover, this issue fails on the merits. Rule 11(b), SCMCR states that "If either party wants a jury trial it must be requested in writing at least five working days prior to the date set for trial." The Notice of Hearing shows the trial was set for August 23, 2005. Thomas's written request for a jury trial was not submitted to the magistrate until August 17, 2005, only four working days prior to trial. Accordingly, the circuit court did not err in finding Thomas's request untimely and affirming the denial of a jury trial.

## CONCLUSION

Based on the above analysis, the circuit court's decision is **AFFIRMED.**

KITTREDGE and SHORT, JJ., concur.