716 S.E.2d 329

**PALMETTO COMPANY, Respondent,**

v.

**Sean McMAHON, Appellant.**

**No. 4882.**

Court of Appeals of South Carolina.

Submitted March 8, 2011.
Decided Aug. 31, 2011.

Thomas A. Belenchia, Travis D. Hilka, and John C. Strickland, of Spartanburg, for Appellant.

Joseph K. Maddox, Jr., of Spartanburg, for Respondent.

KONDUROS, J.

Sean McMahon appeals the circuit court's affirming the magistrate's court's ruling that the ten-year statute of limitations found in section 15-3-350 of the South Carolina Code

(2005) applies to the collection of rent due under a commercial lease. We reverse.[1]

## FACTS/PROCEDURAL HISTORY[2]

On April 13, 1997, McMahon and Palmetto Company entered into a written agreement in which McMahon leased real property from Palmetto Company. The lease was from May 1, 1997, to April 30, 1998, and had an automatic renewal provision for successive twelve-month periods unless either party terminated with three months' notice. In 2000, McMahon began making sporadic payments.

On April 22, 2008, Palmetto Company filed an application and affidavit for collection of rent by distraint in the magistrate's court. The magistrate's court heard oral arguments on the proper statute of limitations.[3] McMahon argued the statute of limitations was three years under section 15–3–530(1) of the South Carolina Code (2005), action upon a contract. Palmetto Company argued it was ten years under section 15–3–350 of the South Carolina Code (2005), cause of action founded upon a title to real property or to rents out of the same. The magistrate's court found the ten-year statute of limitations applies when a party seeks to recover rents owed under a lease agreement. McMahon appealed to the circuit court, which affirmed the magistrate's court's ruling. This appeal followed.

## STANDARD OF REVIEW

██ "Determining the proper interpretation of a statute is a question of law, and this [c]ourt reviews questions of law de novo." *Town of Summerville v. City of N. Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008).

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. The parties' statements of facts and statements of the case in their briefs are identical.

3. The parties agreed that McMahon owed $101,600 under the three-year statute of limitations and $196,650 under the ten-year statute of limitations.

4

■ McMahon argues the circuit court erred in affirming the magistrate's court's ruling that the ten-year statute of limitations from section 15–3–350 applies rather than the three-year statute of limitations from section 15–3–530. McMahon contends the language in the statute is clear and unambiguous that the three-year limitation applies to contracts and a commercial lease agreement is a contract. He further maintains section 15–3–350 does not apply because it is only for an action founded upon title to real property and actions for rent based upon title to real property. We agree.

■ "A lease agreement is a contract...." *Middleton v. Eubank*, 388 S.C. 8, 14, 694 S.E.2d 31, 34 (Ct.App.2010). Section 15–3–530(1) of the South Carolina Code (2005) provides the statute of limitations for an action upon a contract is three years, and that article of the code is entitled "Actions Other Than for Recovery of Real Property." *See also Anonymous Taxpayer v. S.C. Dep't of Revenue*, 377 S.C. 425, 438, 661 S.E.2d 73, 80 (2008) ("The statute of limitations for actions pursuant to [a] contract ... is three years.").

Section 15–3–350 of the South Carolina Code (2005), entitled "Action founded on title or for rents or services," provides:

> No cause of action or defense to an action founded upon a title to real property or to rents or services out of the same shall be effectual unless it appear that the person prosecuting the action or making the defense or under whose title the action is prosecuted or the defense is made, or the ancestor, predecessor or grantor of such person, was seized or possessed of the premises in question within ten years before the committing of the act in respect to which such action is prosecuted or defense made.

That section is found in the article entitled "Actions for Recovery of Real Property."

■ When a statute's language is plain and unambiguous, and conveys a clear and definite meaning, the court has no right to impose another meaning. *Hodges v. Rainey*, 341

S.C. 79, 85, 533 S.E.2d 578, 581 (2000). "The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature." Id. The best evidence of legislative intent is the text of the statute. *Wade v. State*, 348 S.C. 255, 259, 559 S.E.2d 843, 844 (2002). "All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute." *Broadhurst v. City of Myrtle Beach Election Comm'n*, 342 S.C. 373, 380, 537 S.E.2d 543, 546 (2000). "Statutes, as a whole, must receive practical, reasonable, and fair interpretation, consonant with the purpose, design, and policy of lawmakers." *TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 624, 503 S.E.2d 471, 478 (1998). An appellate court will reject the interpretation of a statute that would lead to an absurd result the legislature could not have intended. *Lancaster Cnty. Bar Ass'n v. S.C. Comm'n on Indigent Def.*, 380 S.C. 219, 222, 670 S.E.2d 371, 373 (2008). When "the language of an act gives rise to doubt or uncertainty as to legislative intent, the construing court may search for that intent beyond the borders of the act itself." *Kennedy v. S.C. Ret. Sys.*, 345 S.C. 339, 348, 549 S.E.2d 243, 247 (2001). In some cases, legislative history may be probative in determining the legislature's intent. *Eagle Container Co. v. Cnty. of Newberry*, 366 S.C. 611, 630, 622 S.E.2d 733, 743 (Ct.App.2005), *rev'd on other grounds*, 379 S.C. 564, 666 S.E.2d 892 (2008).

The circuit court erred in affirming the magistrate's court's ruling that the ten-year statute of limitations applies. Although Palmetto Company titled its action as one for distraint, its claim for rent arose out of the lease, not its title to real property. Because a lease is a contract, the three-year statute of limitations applies. Accordingly, the circuit court is

**REVERSED.**

FEW, C.J., and THOMAS, J., concur.