**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Johnny Thacker and Cora Thacker, Appellants,

v.

Aaron Sales and Leasing, Respondent.

Appellate Case No. 2010-169526

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2012-UP-668
Submitted November 1, 2012 – Filed December 19, 2012

**AFFIRMED**

Cora Thacker and Johnny Thacker, both of Columbia,
pro se.

Matthew Clark LaFave, of Allen Kopet & Associates,
PLLC, of Columbia, for Respondent.

**PER CURIAM:** The magistrate court entered a default judgment in favor of Aaron Sales and Leasing (Aaron) in the amount of $4,715.79, after Cora Thacker filed an answer but failed to appear for trial. Cora and Johnny Thacker appealed and the circuit court affirmed. The Thackers now appeal the circuit court's order

affirming the default judgment, arguing they did not receive notice of the magistrate court's trial date, and the magistrate court lacked personal and subject matter jurisdiction to hear Aaron's application for default judgment. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in affirming the default judgment in favor of Aaron: *Bowers v. Thomas*, 373 S.C. 240, 244, 644 S.E.2d 751, 753 (Ct. App. 2007) (stating this court "will presume that an affirmance by a [c]ircuit [c]ourt of a magistrate[] [court's] judgment was made upon the merits where the testimony is sufficient to sustain the judgment of the magistrate [court] and there are no facts that show the affirmance was influenced by an error of law"); Rule 10(a), SCRMC (providing that once the defendant files an answer, "the magistrate [court] shall set the date of trial and deliver notice of the trial date to both parties in a manner provided for in Rule 8"); Rule 8(b), SCRMC ("Delivery of a document to a party shall be made by delivering it to that party or by mailing it to the party's last known address"); Rule 11(a), SCRMC (stating if the defendant answers the complaint "within the specified time period but fails to appear at the time set for trial, judgment may be given for the plaintiff by default if the amount of the claim is liquidated"); Rule 11(d), SCRMC ("If a default hearing is conducted at the time set for trial because . . . the defendant failed to appear, no further notice need be given of the default hearing, provided [the defendant] w[as] properly delivered notice of the time set for trial in a manner provided for in Rule 8.").

2. As to whether the circuit court erred in finding the magistrate court had personal and subject matter jurisdiction to hear Aaron's application for default judgment: S.C. Code Ann. § 22-3-10(11) (2007) (providing a magistrate court has jurisdiction "in any action to recover the possession of personal property claimed, the value of which, . . . does not exceed the sum of seven thousand five hundred dollars"); *Stearns Bank Nat. Ass'n v. Glenwood Falls, LP*, 373 S.C. 331, 337, 644 S.E.2d 793, 796 (Ct. App. 2007) ("A court usually obtains personal jurisdiction by the service of the summons and complaint.").

**AFFIRMED.**[1]

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.