**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robert H. Breakfield, as attorney-in-fact for John D. Hinson, John C. Hinson, Jerry Hinson, Kathy Huffstickle, Robert H. Hinson, Darrell W. Hinson, Lois Hinson, Tina Jones, George Stanford as Personal Representative of the Estate of Linda Stanford, William L. Hinson, Elaine H. Hensley, and William C. Hinson, Jr., Respondents,

v.

Mell Woods, Appellant.

Appellate Case No. 2016-002016

Appeal From Chester County
Brian M. Gibbons, Circuit Court Judge

Unpublished Opinion No. 2020-UP-159
Submitted April 1, 2020 – Filed May 27, 2020

**AFFIRMED**

Mell Woods, of Lancaster, pro se.

B. Michael Brackett, of Moses & Brackett, PC, of Columbia, for Respondents.

**PER CURIAM:** Mell Woods appeals the circuit court's order affirming the magistrate's order that ejected him as a trespasser from a piece of real property (the Property) in Chester County. On appeal, Woods argues the circuit court erred by not: (1) granting him a jury trial, (2) determining he adversely possessed the Property, (3) properly applying section 22-3-1130 of the South Carolina Code (2007), (4) determining the ejection was barred by section 15-67-20 of the South Carolina Code (2005), and (5) finding Robert Breakfield and Michael Brackett improperly listed Elaine H. Hensley (Elaine) as a party because she was "a non-represented dead person." Additionally, Woods asserts the magistrate did not have jurisdiction to hear the ejectment action. We affirm.[1]

1. The magistrate court had jurisdiction to hear the ejectment action because the question of title to the Property was not in issue based on this court's prior decision affirming the finding that Woods had not adversely possessed the Property. *See Vacation Time of Hilton Head Island, Inc. v. Kiwi Corp.*, 280 S.C. 232, 233, 312 S.E.2d 20, 21 (Ct. App. 1984) (stating that after an ejectment from the magistrate's court and appeal to the circuit court, "this court is without jurisdiction to reverse the findings of fact of the [c]ircuit [c]ourt if there is any supporting evidence"); *Bowers v. Thomas*, 373 S.C. 240, 244, 644 S.E.2d 751, 753 (Ct. App. 2007) ("Unless we find an error of law, we will affirm the [circuit court's] holding if there are any facts supporting [its] decision." (quoting *Hadfield v. Gilchrist*, 343 S.C. 88, 94, 538 S.E.2d 268, 271 (Ct. App. 2000))); *id.* at 245, 644 S.E.2d at 753 ("[The appellate court] still retains de novo review of whether the facts show the circuit court's affirmance was controlled or affected by errors of law."); *Palmetto Co. v. McMahon*, 395 S.C. 1, 3, 716 S.E.2d 329, 330 (Ct. App. 2011) ("Determining the proper interpretation of a statute is a question of law, and [the appellate court] reviews questions of law de novo." (quoting *Town of Summerville v. City of North Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008))); S.C. Code Ann. § 22-3-20(2) (2007) ("No magistrate shall have cognizance of a civil action . . . [w]hen the title to real property *shall come in question*, except as provided in Article 11 of this chapter." (emphasis added)); *Woods v. Hinson*, Op. No. 2014-UP-010 (S.C. Ct. App. filed Jan. 8, 2014). Because the title to the Property was not in question, we need not address whether Woods adversely possessed the Property and if the magistrate should have discontinued the ejectment action pursuant to section 22-3-1130. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address remaining issues when disposition of a prior issue is dispositive).

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

2. The circuit court did not err in determining Woods was not entitled to a jury trial because section 15-67-620 required Woods to first satisfy the magistrate, not a jury. *See Vacation Time of Hilton Head Island, Inc.*, 280 S.C. at 233, 312 S.E.2d at 21 (stating that after an ejectment from the magistrate's court and appeal to the circuit court, "this court is without jurisdiction to reverse the findings of fact of the [c]ircuit [c]ourt if there is any supporting evidence"); *Palmetto Co.*, 395 S.C. at 3, 716 S.E.2d at 330 ("Determining the proper interpretation of a statute is a question of law, and [the appellate court] reviews questions of law de novo." (quoting *Town of Summerville*, 378 S.C. at 110, 662 S.E.2d at 41)); § 15-67-620 ("If the person in possession shall, before the expiration of the five days, *appear before such magistrate and satisfy him* that he has a bona fide color of claim to the possession of such premises and enter into bond to the person claiming the land, with good and sufficient security, to be approved by the magistrate, conditioned for the payment of all such costs and expenses as the person claiming to be the owner of the land may incur in the successful establishment of his claim and also for any damages which the owner of the land may sustain by reason of the possession being withheld from him, by any of the modes of proceeding now provided by law, the magistrate shall not issue his warrant . . . ." (emphasis added)).

3. Section 15-67-20 did not bar Respondents' ejectment action because none of the prior actions they filed finally disposed of the matter. *See Vacation Time of Hilton Head Island, Inc.*, 280 S.C. at 233, 312 S.E.2d at 21 (stating that after an ejectment from the magistrate's court and appeal to the circuit court, "this court is without jurisdiction to reverse the findings of fact of the [c]ircuit [c]ourt if there is any supporting evidence"); *Bowers*, 373 S.C. at 244, 644 S.E.2d at 753 ("Unless we find an error of law, we will affirm the [circuit court's] holding if there are any facts supporting [its] decision." (quoting *Hadfield*, 343 S.C. at 94, 538 S.E.2d at 271)); *Palmetto Co.*, 395 S.C. at 3, 716 S.E.2d at 330 ("Determining the proper interpretation of a statute is a question of law, and [the appellate court] reviews questions of law de novo." (quoting *Town of Summerville*, 378 S.C. at 110, 662 S.E.2d at 41)); § 15-67-20 ("The plaintiff in actions for recovery of real property or the recovery of the possession of real property is limited to one action for recovery.").

4. Even assuming the circuit court erred in including Elaine as a party in the caption, we find Woods failed to demonstrate how this inclusion prejudiced him because even if this court were to modify the caption, the other respondents were still entitled to bring this action to eject him. *See Visual Graphics Leasing Corp. v. Lucia*, 311 S.C. 484, 489, 429 S.E.2d 839, 841 (Ct. App. 1993) ("An error is not

reversible unless it is material and prejudicial to the substantial rights of the appellant.").

**AFFIRMED.**

**HUFF, THOMAS, and MCDONALD, JJ., concur.**