**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Aracelis Santos, Appellant,

v.

Harris Investment Holdings, L.L.C., Respondent.

Appellate Case No. 2019-001169

———————

Appeal From Berkeley County
Kristi F. Curtis, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-027
Heard December 6, 2022 – Filed January 25, 2023

———————

**AFFIRMED**

———————

Thomas R. Goldstein, of Belk Cobb Infinger &
Goldstein, PA, of Charleston, for Appellant.

Merritt Gordon Abney, of Nelson Mullins Riley &
Scarborough, LLP, of Charleston, for Respondent.

———————

**PER CURIAM:** Aracelis Santos contends the circuit court erred in dismissing her second appeal and affirming the magistrate court's award of attorney's fees to Harris Investment Holdings, LLC (HIH). On appeal, Santos argues: (1) HIH waived its entitlement to attorney's fees by demolishing the building where her business was located during the pendency of the appeal; (2) the magistrate court is

a court of limited jurisdiction and cannot enter a money judgment in excess of $7,500; (3) the circuit court failed to make findings of fact or conclusions of law in its order or otherwise explain the basis for its determination of attorney's fees; and (4) the award of $35,887.23 in attorney's fees in a non-jury magistrate court trial is unconscionable and not supported by the evidence. We affirm.

1. We find Santos never raised this issue to the circuit court, and thus, her argument is not preserved for appellate review. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court."). Further, Santos's contention that HIH's actions give rise to a tort action for willful destruction and spoliation of evidence and HIH subsequently waives its entitlement to attorney's fees lacks any authority in this State as the Supreme Court of South Carolina in *Cole Vision Corporation v. Hobbs* declined to adopt the tort of negligent spoliation. 394 S.C. 144, 152–53, 714 S.E.2d 537, 541–42 (2011).

2. We find, similar to a counterclaim, a magistrate's award of attorney's fees incident to an ejectment action falls under S.C. Code Ann. § 22-3-10 (2007). *See Mosseri, Mosseri, Castro v. Austin's at the Beach, Inc.*, 372 S.C. 593, 595–96, 642 S.E.2d 760, 761–62 (Ct. App. 2007) (holding that a magistrate's jurisdictional limitation to civil matters not exceeding $7,500 does not apply in "matters between landlord and tenant and the possession of land as provided in Chapters 33 through 41 of Title 27," which "deals[s] with . . . *ejectment of tenants*," and thus, a "magistrate's court will retain jurisdiction in cases involving landlord and tenant and the possession of land even when any counterclaim exceeds $7,500"). This ejectment involved a dispute between the landlord and tenant and the possession of the property. Thus, both requirements of subsection 22-3-10(10) are met. *Id.* The purpose of the statute is to resolve matters between a landlord and a tenant and the possession of property. *See Burns v. State Farm Mut. Auto. Ins. Co.*, 297 S.C. 520, 522, 377 S.E.2d 569, 570 (1989) ("The cardinal rule of statutory construction is that we are to ascertain and effectuate the actual intent of the legislature."). To require the parties to seek recourse for attorney's fees pursuant to a lease agreement, which outlines the landlord and tenant's relationship to each other and the property, in a separate court over the same facts and circumstances already granted to the magistrate defeats judicial economy and the intent of section 22-3-10(10). *See State v. Johnson*, 396 S.C. 182, 188, 720 S.E.2d 516, 520 (Ct. App. 2011) ("In interpreting a statute, the court will give words their plain and ordinary meaning [] and will not resort to forced construction that would limit or expand the statute.").

3. We find the magistrate's order awarding attorney's fees exhaustively explained its reasoning for each *Blumberg* factor. *See Blumberg v. Nealco, Inc.*, 310 S.C. 492, 494, 427 S.E.2d 659, 660 (1993) (providing the factors to consider in determining an award of attorney's fees are: "(1) nature, extent, and difficulty of the legal services rendered; (2) time and labor devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) fee customarily charged in the locality for similar services; and (6) beneficial results obtained"). This award was subsequently affirmed by the circuit court in a Form 4 order, which acted as a conclusion of law. Therefore, the circuit court's order affirming the attorney's fees award was supported by the evidence and was not affected by an error of law. *See Voelker v. Hillock*, 288 S.C. 622, 628, 344 S. E. 2d 177, 181 (Ct. App. 1986) (stating an order for the award of attorney's fees must contain specific findings regarding the factors considered in granting the award); *Bowers v. Thomas*, 373 S.C. 240, 244, 644 S.E.2d 751, 753 (Ct. App. 2007) (holding when "the testimony is sufficient to sustain a judgment of the magistrate's court, and it is affirmed on appeal to the circuit court, this court will assume the circuit court affirmed the judgment on the merits, in the absence of facts showing the affirmance was controlled or affected by errors of law").

4. We find there was sufficient evidence presented supporting each of the six factors analyzed for an award of attorney's fees. *See Blumberg*, 310 S.C. at 494, 427 S.E.2d at 660 (providing the factors to consider in determining an award of attorney's fees are: "(1) nature, extent, and difficulty of the legal services rendered; (2) time and labor devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) fee customarily charged in the locality for similar services; and (6) beneficial results obtained"); *Seabrook Island Prop. Owners' Ass'n v. Berger*, 365 S.C. 234, 240, 616 S.E.2d 431, 435 (Ct. App. 2005) ("On appeal[,] an award of attorney's fees will be affirmed so long as sufficient evidence in the record supports each factor.").

**AFFIRMED.**

**WILLIAMS, C.J., and THOMAS, J., and LOCKEMY, A.J., concur.**