**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Russell Crawford, Appellant,

v.

Raymond Babich, Respondent.

Appellate Case No. 2022-000622

———————————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2025-UP-229
Submitted June 1, 2025 – Filed July 9, 2025

———————————

**AFFIRMED**

———————————

Russell Crawford, of North Charleston, pro se.

William B. Jung, of William B. Jung, Esq., LLC, of Mt. Pleasant, for Respondent.

———————————

**PER CURIAM:** Russell Crawford appeals the circuit court's order denying his appeal from the magistrate court's grant of summary judgment to Raymond Babich in his eviction action against Crawford. On appeal, Crawford argues the circuit court erred in denying his appeal because (1) the termination of his month-to-month tenancy was invalid under the Manufactured Home Park Tenancy

Act (MHPTA),[1] and (2) Crawford established a defense against the eviction by showing that Babich violated the good faith requirement of the MHPTA. We affirm the circuit court's order denying Crawford's appeal pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err in denying Crawford's appeal. *See Vacation Time of Hilton Head Island, Inc. v. Kiwi Corp.*, 280 S.C. 232, 233, 312 S.E.2d 20, 21 (Ct. App. 1984) (stating that in reviewing "ejectment proceedings first heard in [m]agistrate's [c]ourt . . . [the court of appeals] is without jurisdiction to reverse the findings of fact of the [c]ircuit [c]ourt if there is any supporting evidence."); *Bowers v. Thomas*, 373 S.C. 240, 245, 644 S.E.2d 751, 753 (Ct. App. 2007) (recognizing the appellate court "retains de novo review of whether the facts show the circuit court's affirmance was controlled or affected by errors of law").

Crawford's argument that the MHPTA prohibits the eviction of manufactured home park lot tenants based on the expiration of a month-to-month lease contradicts the legislative intent underlying the MHPTA; therefore, the circuit court did not err in denying Crawford's appeal. *See Kiriakides v. United Artists Commc'ns, Inc.*, 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994) ("All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute."); § 27-47-20(B)(2) ("The underlying purposes and policies of [the MHPTA] are to . . . provide for the rights and obligations of manufactured home owners and manufactured home park owners and clarify the law governing the renting or leasing of residential lots in a [mobile] home park . . . ."); § 27-47-110 (stating the MHPTA "applies to, regulates, and determines the rights, obligations, and remedies under a rental agreement for a residential manufactured home park lot . . . ."); § 27-47-20(A) ("[The MPHTA] must be construed liberally and applied to promote its underlying purposes and policies."); § 27-47-110 ("The provisions of the Residential Landlord and Tenant Act [RLTA[2]] . . . shall apply to tenancies in manufactured home parks if such application is not inconsistent with or contrary to the provisions of [the MHPTA]."); § 27-40-770(b) (RLTA provision stating "[t]he landlord or the tenant may terminate a month-to-month tenancy by a written notice given to the other at least thirty days before the termination date specified in the notice"); § 27-40-40 ("[The RLTA] being a general chapter intended as a unified coverage of its subject matter, no part of it is to be construed as impliedly repealed

---

[1] *See* S.C. Code Ann. §§ 27-47-10 to -620 (2007 & Supp. 2024).
[2] *See* S.C. Code Ann. §§ 27-40-10 to -940 (2007 & Supp. 2024).

by subsequent legislation if that construction can reasonably be avoided."); *Hodges v. Rainey*, 341 S.C. 79, 88, 533 S.E.2d 578, 583 (2000) ("Statutes dealing with the same subject matter must be reconciled, if possible, so as to render both operative.").

We hold that to the extent Crawford argues he established a defense against the eviction proceedings by demonstrating evidence of Babich's bad-faith actions, his argument is unpreserved for review because he failed to raise this argument to the magistrate. *See Elam v. S.C. Dep't of Transp.,* 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the [circuit] court."). Further, we hold that to the extent Crawford argues the circuit court erred in finding that an absolute bar to eviction was not an appropriate remedy for any bad-faith actions under the MHPTA, the circuit court's finding was not erroneous. *Compare* § 27-47-220 (MHPTA provision imposing a duty of good faith in actions taken as condition precedent to exercise of rights and/or remedies under the MHPTA), *with* § 27-40-910(a) (RLTA provision prohibiting retaliation against specified actions via rent increase).

**AFFIRMED.**[3]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.