662 S.E.2d 40

**TOWN OF SUMMERVILLE, Appellant,**

v.

**CITY OF NORTH CHARLESTON, Respondent.**

No. 26492.

Supreme Court of South Carolina.

Heard April 2, 2008.

Decided May 19, 2008.

108

Jack M. Scoville, Jr., of Georgetown, for Appellant.

Derk Van Raalte and J. Brady Hair, both of North Charleston, for Respondent.

Justice PLEICONES.

This is a direct appeal from a grant of partial summary judgment to the City of North Charleston. The issue on appeal is whether the Town of Summerville complied with a statute which requires the publication of notice not less than

thirty days prior to acting on a petition to annex real property. Because the Town of Summerville did not comply with the statute, we affirm.

## FACTS

This is an annexation dispute between neighboring municipalities. At some point in 2005, both the Town of Summerville and the City of North Charleston desired to annex a portion of real property known as the Barry Tract. In April 2005, Summerville enacted an ordinance declaring the Barry Tract annexed. Believing Summerville's annexation to be invalid, North Charleston enacted its annexation ordinance in June 2005. The municipalities sued each other, and the cases were consolidated for trial.

The record reflects that both municipalities utilized the annexation procedure set forth in S.C.Code Ann. § 5–3–150 (2004), which originates with a petition initiated by the owners of the property sought to be annexed. The statute provides that annexation is complete upon the enactment of an ordinance and requires the annexing municipality to publish notice of a public hearing "not less than thirty days before acting on an annexation petition...." *Id.* North Charleston moved for summary judgment on the question whether thirty days elapsed between April 28, 2005, the date Summerville published notice of its hearing, and May 27, 2005, the date Summerville enacted its annexation ordinance. The trial court held that thirty days had not elapsed in this period, and Summerville appealed. We certified the appeal from the court of appeals pursuant to Rule 204(b), SCACR.

## ISSUE

Did the trial court err in holding that less than thirty days elapsed between April 28, 2005, and May 27, 2005?

## STANDARD OF REVIEW

When reviewing a grant of summary judgment, an appellate court applies the same standard used by the trial court. *Lanham v. Blue Cross and Blue Shield of S.C., Inc.,* 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002). A grant of

summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), SCRCP; *Tupper v. Dorchester County*, 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997). Determining the proper interpretation of a statute is a question of law, and this Court reviews questions of law de novo. *Catawba Indian Tribe v. State*, 372 S.C. 519, 524, 642 S.E.2d 751, 753 (2007).

## ANALYSIS

■ Summerville argues that under a plausible construction of the annexation statute at issue, a "day" can be measured by the lapse of twenty-four hours from a relevant time. Put in terms of the statute at issue, Summerville argues that § 5–3–150 requires that a municipality publish notice of a public hearing not less than thirty twenty-four hour periods prior to acting on an annexation petition. Summerville argues that it enacted its annexation ordinance at 5:30 p.m., May 27, and that counting the days that elapsed by twenty-four hour periods, the twenty-ninth day prior to its enacting the ordinance ended at 5:30 p.m., April 28, 2005. Summerville therefore posits that if the notification in the newspaper occurred at 5:00 a.m. the morning of April 28, it occurred midway through the thirtieth day and complied with the annexation statute's notice requirement. We disagree.

Summerville's argument fails on its own terms. Assuming that the lapse of thirty sequential twenty-four hour periods provides the measuring stick, 5:30 p.m., May 27, and 5:00 a.m., April 28, are separated by 29 days, 12 hours, and 30 minutes. Converting thirty days to a number of hours of required notice, the statute would then mandate that notice be published "not less than [720 hours] before acting on an annexation petition. . . ." *Id.* In this case, publication and action were separated by 708 hours, 30 minutes. As a quantitative reality, this is less than thirty days.[1]

---

1. Summerville attempts to draw a distinction between a requirement of "not less than thirty days" and a fictional requirement of "at least thirty days," but this distinction suffers from a similar flaw. If a brief filed in court must be not less than four pages in length, a three and one-half page brief would not suffice.

In fact, S.C.Code Ann. § 15–29–10 (2005) provides a specific method for computing time for publication of notices. The statute provides that "[t]he time for publication of legal notices shall be computed so as to exclude the first day of publication and include the day on which the act or event, of which notice is given, is to happen or which completes the full period required for publication." *Id.* Using this method, April 28, the day of publication, is excluded. Counting forward, May 27 is twenty-nine days from the publication of the notice. Thus, using the statutory counting method for legal notices, we conclude that Summerville did not comply with the relevant public notice requirement in this case.

The parties offer additional arguments on alternative methods of counting time, but those arguments are largely inconsequential. North Charleston posits that Summerville's argument fails even under its own ordinance dealing with computation of time. While North Charleston is correct, it is clear that a local ordinance cannot, absent some authorization or directive, control how time is computed under a state statute. Similarly, this Court's rules contain procedures for computing time, *see* Rule 6, SCRCP *and* Rule 234, SCACR, and while these rules unquestionably apply in their respective spheres, they are neither dispositive nor are they helpful in answering the question at hand. In this case, a statute requires that published notice precede a public meeting by a specific time period, and a separate statute specifically explains how time is to be computed for the publication of legal notices.

Summerville's more basic argument about how a "day" is defined is not supported by our precedent. We have held that "[t]he word 'day,' in its common acceptation, means a civil day of twenty-four hours, beginning and ending at midnight," *Corwin v. Comptroller Gen.*, 6 S.C. 390, 399 (1875), and that "[f]ractions of days are not recognized in our laws." *Williams v. Halford*, 64 S.C. 396, 402, 42 S.E. 187, 189 (1902). *Corwin* interprets the word "day" in the context of the South Carolina Constitution's requirement that the Governor veto and return a bill or resolution within three days (Sundays excepted) or the bill shall become law,[2] and *Williams* dealt with the prede-

---

2.  The requirement is now five days. *See* S.C. Const. Art. IV, § 21.

cessor to Rule 6(a), SCRCP's rule on computation of time, found in the 1893 Code of Civil Procedure at § 407. These cases instruct that where a time requirement does not speak in terms of specific hour periods, the Court will not interpret a day to mean anything other than a calendar day. *See also Cleveland v. Calvert*, 54 S.C. 83, 86, 31 S.E. 871, 872 (1899) (applying § 421 of the 1893 Code, the predecessor of the current publication statute, and concluding that notice appearing twenty-one days prior to action complied with statutory requirement of three weeks' notice). We adhere to this pronouncement, and note that where the legislature desires for the passage of a specific number of hours to precede an action, it has shown a propensity for writing precisely such a requirement. *See, e.g.*, S.C.Code Ann. § 5-15-130 (2004) (containing a notice requirement of specific hours).

■ The fact that there are multiple rules for computing time is not all together surprising. As far back as the 1870 Code, South Carolina's statutory law contained separate rules for computing time periods spelled out in procedural rules and time periods for the publication of legal notices. *See* 1870 Code of Civ. Pro. §§ 421, 422. Accordingly, old civil procedure cases relied on the version of the procedural rule then in effect, and old publication cases pulled from the applicable publication rule. All of this simply means that the method for computing time in a particular case may be prescribed by statute, court rule, local ordinance, or some other authority, and the answer we supply today is that where a time prescription mentions only the passage of a number of days, a "day" means a calendar day, beginning and ending at midnight.

## CONCLUSION

We hold that summary judgment was properly granted in favor of the City of North Charleston on the question whether less than thirty days elapsed between April 28, 2005, the date Summerville published notice of its hearing, and May 27, 2005, the date Summerville enacted its annexation ordinance. The order of the circuit court is

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER and BEATTY, JJ., concur.