THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 James E.
 Loftin, Appellant.
 
 
 
 
 

Appeal From Spartanburg County
Gordon G. Cooper, Circuit Court Judge

Unpublished Opinion No. 2010-UP-358
 Submitted April 1, 2010  Filed July 12,
2010    

REVERSED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of
 Columbia, for Appellant. 
 J. Benjamin Aplin, of Columbia, for Respondent.
 
 
 

PER CURIAM:  James
 E. Loftin appeals an order issued in 2008 that continued his probation and required
 him to provide a DNA sample.  He contends his probation terminated immediately
 after he pled guilty in 2004 and paid a fine the following day.  We reverse.[1]
FACTS AND PROCEDURAL HISTORY
In January 2004, Loftin was
 indicted on one count of false swearing before persons authorized to administer
 oaths.  On August 12, 2004, he pled guilty to the indictment.  He was sentenced
 to two years imprisonment, suspended upon payment of a fine and two years'
 probation.  The sentencing sheet further stated Loftin's probation would
 terminate upon payment of the fine (PTUP).  Loftin paid the fine the following
 day and was issued a receipt.  
The sentencing sheet had no
 express requirement that Loftin provide a DNA sample.  It did, however, note
 that probation was "subject to South Carolina Department of Probation,
 Parole and Pardon Services standard conditions of probation, which are
 incorporated by reference."  The Standard Conditions of Probation to which
 Loftin agreed also did not specifically require Loftin to provide a DNA sample. 
 Under condition number nine, Loftin agreed to "obey all conditions of supervision
 set forth in this order"; however, the order included in the record did
 not set forth any such conditions.  Condition number ten required Loftin to
 "agree to comply with any further conditions imposed by the Department or
 its Agents."  
According to Loftin, about
 eighteen months after he paid the fine, an agent approached him at his place of
 employment, told him to "give DNA," and made verbal threats.  Loftin
 advised the agent he was appealing his conviction and had been advised by
 counsel for the Department of Probation, Parole and Pardon (the Department)
 that his case "did not fall under the DNA."[2]  On November 7, 2007, Loftin was served with a probation
 citation charging him with violation of conditions nine and ten and certain
 unspecified "additional conditions."  The only fact cited in the
 supporting affidavit was Loftin's alleged "failure to submit for DNA testing
 as required by SC State Law before the expected end date of the Probation case
 on August 11, 2006."  
A hearing in the matter was
 scheduled for November 9, 2007, but was continued until January 11, 2008. 
 Loftin, appearing pro se, testified he was only recently informed
 of the requirement that he provide a DNA sample.  After hearing arguments from
 both Loftin and counsel for the Department, the presiding circuit judge ruled
 from the bench: "Standard conditions of probation which were incorporated
 by reference and also as a part of that [sic] is the additional requirement of
 the providing of a DNA sample and the fact that it was a PTUP case did not
 eliminate the other requirements of probation . . . ."  The same day, the
 judge issued the appealed order requiring Loftin to report on January 31, 2008,
 to give a DNA sample.[3]  
ISSUE
The sole issue on
 appeal is whether, under the statutory law in effect in 2004, it was error to
 continue Loftin's probation and order him to provide a DNA sample notwithstanding
 that, according to the sentencing sheet, his probation was to have terminated
 upon his payment of the fine imposed by the judge who accepted his guilty plea.
STANDARD OF REVIEW
The
 interpretation of a statute is a question of law to be reviewed by this Court de
 novo.  Town of Summerville v. City of N. Charleston, 378 S.C. 107, 110,
 662 S.E.2d 40, 41 (2008).
LAW/ANALYSIS
Loftin argues
 that because he paid the court-imposed fine ordered by the sentencing judge
 after he pled guilty and because the sentencing sheet noted his probation was
 to terminate upon payment of the fine, the circuit court judge erred in
 "continuing" his probation and in ordering him to provide a DNA sample. 
 We agree.
Section 23-3-620 of the South
 Carolina Code (2007) requires certain offenders to provide DNA samples to law
 enforcement.  The version of the statute in effect at the time of Loftin's
 conviction provided in pertinent part as follows:

 (A)  Following sentencing and at the
 time of intake at a jail or prison, a sample from which DNA may be obtained for
 inclusion in the State DNA Database must be provided by:
 (1) Any person convicted or
 adjudicated delinquent and incarcerated in a state correctional facility
 on or after July 1, 2004, for:
 . . .
 (b) any offense classified as a felony . . . or any
 other offense that carries a maximum term of imprisonment of five years or
 more; and
 (2) any
 criminal offender convicted or adjudicated delinquent on or after July 1, 2004,
 who is ordered by the court to provide a sample.
 (B) A
 convicted offender who is required to provide a DNA sample under subsections
 (A)(1) or (A)(2) but who is not sentenced to a term of confinement must provide
 a sample as a condition of his sentence. . . .

S.C. Code Ann. § 23-3-620
 (2007) (emphasis added).[4]  Anyone required to provide a sample must also pay a
 processing fee and, if the person required to provide the sample is not
 sentenced to a term of confinement, "payment of the fee must be a
 condition of the person's sentence."  Id. § 23-3-670 (2007 &
 Supp. 2009).
Loftin's conviction was for
 false swearing under oath, for which he could have been sentenced to five years'
 imprisonment.  S.C. Code Ann. § 16-9-30 (2003).  Nevertheless, although his
 guilty plea was made after July 1, 2004, nothing in the record indicates he was
 ever "incarcerated in a state correctional facility."  Furthermore, the
 sentencing sheet does not include any provision requiring him to provide a DNA
 sample.  Although condition number ten of the Standard Conditions required
 compliance by Loftin with "further conditions imposed by the Department or
 its Agents," the first time the Department ever attempted to obtain a DNA
 sample from Loftin was long after he had paid the fine imposed in conjunction
 with his sentence.  Contrary to what the circuit court judge stated at the
 revocation hearing, the list of Standard Conditions of Probation provided by
 the Department does not include any requirement of providing a DNA sample.[5]
Section 24-21-550 of the
 South Carolina Code, enacted in 1993, provides as follows: 

 A
 probation term ordered to end upon the payment of fines, court costs,
 assessments, and restitution must continue until the clerk of court certifies
 in writing that all monies have been paid, or the probation term has
 expired, or the expiration of probation has been changed by a subsequent
 order.

S.C. Code Ann. § 24-21-550
 (2007) (emphasis added).  Here, Loftin stated he received a written receipt
 from the clerk of court acknowledging he paid his fine, and the Department
 acknowledged it had a copy of the receipt in its file.  Although the Department
 advised this Court that it has not closed its file on Loftin pending our
 disposition of the present appeal, it has not provided any reason not to find
 that, pursuant to statute, Loftin's probation term ended once he paid the
 court-ordered fine.
CONCLUSION
In view of the fact that
 Loftin paid his fine as ordered and the absence of any indication that Loftin
 failed to abide by the court-imposed terms of his probation, we conclude that,
 pursuant to section 24-21-550, Loftin's probation ended when he paid the fine
 on August 13, 2004.  We therefore hold the circuit court judge should not have
 granted the Department's requests to continue Loftin's probation and to order
 him to provide a DNA sample.  Accordingly, the appealed order is
REVERSED.
HUFF, THOMAS,
 and KONDUROS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2]  In April 2007, Loftin's appeal was dismissed and his
 attorney was relieved from representing him further in the matter.  State v.
 Loftin, Op. No. 2007-UP-00152 (S.C. Ct. App. filed April 4, 2007).
[3]  After Loftin filed his appeal, he moved to stay the
 order requiring him to submit to DNA sampling.  On February 19, 2008, this
 Court granted the stay upon Loftin's posting of a bond with the circuit court.
[4]  The statute was rewritten in 2008 and the new
 version became effective January 1, 2009.  The newest version provides for the
 collection of DNA samples before conviction of a crime.  S.C. Code Ann. §
 23-3-620 (Supp. 2009).
[5]  The list of standard of conditions of probation was
 provided by the Department in response to this Court's request and pursuant to
 Rule 212(a) of the South Carolina Appellate Court Rules.