**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael Collins, Appellant,

v.

Norfolk Southern Corporation, Respondent.

Appellate Case No. 2019-000984

———————————

Appeal From York County
Teasa Kay Weaver, Master-in-Equity

———————————

Unpublished Opinion No. 2022-UP-100
Submitted February 1, 2022 – Filed March 9, 2022

———————————

**AFFIRMED**

———————————

James Eric Cavanaugh and Joseph Odell Thickens, both of Cavanaugh & Thickens, LLC, of Columbia; and Charles Sorey, of Ridgeland, Mississippi, all for Appellant.

Ronald K. Wray, II, of Gallivan, White & Boyd, PA, of Greenville, and James Andrew Bradshaw, of White, Davis & White Law Firm, PA, of Anderson, both for Respondent.

———————————

**PER CURIAM:** Michael Collins appeals the Master-in-Equity's order granting summary judgment in favor of Norfolk Southern Railway Company (Norfolk Southern). On appeal, Collins argues the master erred in (1) finding he failed to show Norfolk Southern did not exercise reasonable care for his safety and Norfolk Southern could not reasonably have foreseen an injury would occur during his railcar inspection; (2) determining that his own negligence was the sole cause of his injuries; and (3) basing her ruling in part on the doctrine of assumption of the risk, which has been eliminated as a defense under the Federal Employers' Liability Act (FELA).[1]  We affirm.

First, the master did not err in granting summary judgment as to Count I of Collins's complaint because Collins's claim fails based on causation and foreseeability. *See Bank of N.Y. v. Sumter Cnty.*, 387 S.C. 147, 155, 691 S.E.2d 473, 477 (2010) ("On review of an order granting summary judgment, the appellate court applies the same standard as that used by trial court."); *Bean v. S.C. Cent. R.R. Co.*, 392 S.C. 532, 545, 709 S.E.2d 99, 105 (Ct. App. 2011) ("[A] FELA action brought in state court is controlled by federal substantive law and state procedural law."); *id.* at 545, 709 S.E.2d at 105-06 ("A summary judgment motion involves analysis of the sufficiency of the evidence, and therefore federal law applies."); Rule 56(a), FRCP ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in such materials [as affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion."); *Town of Summerville v. City of N. Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008) ("[An appellate court] reviews questions of law de novo."). Collins failed to provide sufficient evidence showing that any acts or omissions on Norfolk Southern's part were the proximate cause of the injuries to his neck, back, and shoulders and Norfolk Southern could reasonably foresee these injuring occurring from his inspection of the railcar's door. *See Hancock v. Mid-S. Mgmt. Co.*, 381 S.C. 326, 330-31, 673 S.E.2d 801, 803 (2009) ("[I]n cases applying federal law, . . . the non-moving party must submit more than a mere scintilla of evidence to withstand a motion for summary judgment."); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."); *Montgomery v. CSX Transp., Inc.*, 376 S.C. 37, 52, 656 S.E.2d 20, 28 (2008) (determining that in a FELA claim, the plaintiff "must prove

---

[1] 45 U.S.C. §§ 51 to 60.

the traditional duty, breach, causation[,] and damages elements of negligence");  *Baggerly v. CSX Transp., Inc.*, 370 S.C. 362, 369, 635 S.E.2d 97, 101 (2006) ("Proximate cause requires proof of: (1) causation-in-fact, and (2) legal cause. Causation-in-fact is prove[n] by establishing the injury would not have occurred 'but for' [an actor's] negligence, and legal cause is prove[n] by establishing foreseeability." (internal citation omitted)).

Second, the master did not err in granting summary judgment as to Count II of Collins's complaint because this claim also fails based on causation and foreseeability.  *See Bank of N.Y.*, 387 S.C. at 155, 691 S.E.2d at 477 ("On review of an order granting summary judgment, the appellate court applies the same standard as that used by trial court."); *Bean*, 392 S.C. at 545, 709 S.E.2d at 105 ("[A] FELA action brought in state court is controlled by federal substantive law and state procedural law."); *id.* at 545, 709 S.E.2d at 105-06 ("A summary judgment motion involves analysis of the sufficiency of the evidence, and therefore federal law applies."); Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); *Diebold*, 369 U.S. at 655 ("On summary judgment the inferences to be drawn from the underlying facts contained in such materials [as affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion."); *Town of Summerville*, 378 S.C. at 110, 662 S.E.2d at 41 ("[An appellate court] reviews questions of law de novo.").  Collins's actions were the sole proximate cause of his injuries.  *See Hurley v. Patapsco & Back Rivers R.R. Co.*, 888 F.2d 327, 330 (4th Cir. 1989) ("When an employee's own negligence is the sole proximate cause of his injuries, the employer cannot be found liable pursuant to FELA.").  Collins failed to provide sufficient evidence showing that Norfolk Southern could reasonably foresee an employee injuring himself by forcing open a locked door with enough strength to break the lock, instead of calling for assistance.  *See Mid-S. Mgmt.*, 381 S.C. at 330-31, 673 S.E.2d at 803 ("[I]n cases applying federal law, . . . the non-moving party must submit more than a mere scintilla of evidence to withstand a motion for summary judgment."); *Liberty Lobby*, 477 U.S. at 249 ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."); *Montgomery*, 376 S.C. at 52, 656 S.E.2d at 28 (determining that in a FELA claim, the plaintiff "must prove the traditional duty, breach, causation[,] and damages elements of negligence"); *Baggerly*, 370 S.C. at 369, 635 S.E.2d at 101 ("Proximate cause requires proof of: (1) causation-in-fact, and (2) legal cause.  Causation-in-fact is prove[n] by establishing the injury would not have occurred 'but for' [an actor's]

negligence, and legal cause is proved by establishing foreseeability." (internal citation omitted)).

Third, because the resolution of the prior issues is dispositive, we need not address issue three. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.