**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Shawn Eubanks, Appellant,

v.

South Carolina Public Employee Benefit Authority, South Carolina Retirement Systems, Respondent.

Appellate Case No. 2020-001640

―――――――――――――

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

―――――――――――――

Unpublished Opinion No. 2022-UP-138
Submitted January 1, 2022 – Filed March 23, 2022

―――――――――――――

**AFFIRMED**

―――――――――――――

Shawn David Eubanks, pro se, of Columbia.

Justin Richard Werner, of the South Carolina Public Employee Benefit Authority, of Columbia, for Respondent.

―――――――――――――

**PER CURIAM:** Shawn Eubanks appeals the Administrative Law Court's (ALC's) grant of summary judgment in his action seeking a reversal of the South Carolina Public Employee Benefit Authority's (PEBA's) determination that he could not join the South Carolina Retirement System (SCRS) because he elected to join after the

fifth anniversary of his initial enrollment in the State Optional Retirement Program (State ORP). On appeal, Eubanks argues the ALC erred in finding he was ineligible to enroll in the SCRS because he had actively participated in the State ORP for less than five years when he elected to join the SCRS. We hold the ALC properly granted PEBA summary judgment because it was undisputed Eubanks initially enrolled in the State ORP on August 3, 2009, and did not elect to join the SCRS until January 8, 2020. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Town of Summerville v. City of North Charleston*, 378 S.C. 107, 109, 662 S.E.2d 40, 41 (2008) ("When reviewing a grant of summary judgment, an appellate court applies the same standard used by the [ALC]."); *id*. at 109-10, 662 S.E.2d at 40 ("A grant of summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Brown v. Bi-Lo, Inc.*, 354 S.C. 436, 439, 581 S.E.2d 836, 838 (2003) ("The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature."); *State v. Morgan*, 352 S.C. 359, 366-67, 574 S.E.2d 203, 206-07 (Ct. App. 2002) ("If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no need to employ rules of statutory interpretation and the court has no right to look for or impose another meaning."); S.C. Code Ann. § 9-20-40(B) (2019) ("A State ORP participant may irrevocably elect to join the [SCRS] during any open enrollment period after the first annual anniversary but before the fifth annual anniversary of the person's initial enrollment in the State ORP.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., MCDONALD, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.