# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

J&H Grading & Paving, Inc., Respondent,

v.

Clayton Construction Company, Inc., Appellant.

Appellate Case No. 2019-001950

_____

Appeal From Lexington County
Walton J. McLeod, IV, Circuit Court Judge

_____

Opinion No. 6022
Submitted December 1, 2022 – Filed August 30, 2023

_____

**AFFIRMED**

_____

Townes Boyd Johnson, III, of Townes B. Johnson III,
LLC, of Greenville, for Appellant.

Wesley Dickinson Peel and Chelsea Jaqueline Clark, of
Bruner Powell Wall & Mullins, LLC, of Columbia, for
Respondent.

_____

**VINSON, J.:** Clayton Construction Company, Inc. (Clayton) appeals the circuit court's ruling that Clayton was liable to J&H Grading & Paving, Inc. (J&H) for attorney's fees pursuant to section 27-1-15 of the South Carolina Code (2007). Clayton argues the circuit court erred by finding (1) Clayton failed to make a reasonable and fair investigation into the merits of J&H's claim under section 27-1-15, (2) the "pay when paid" provision in the parties' subcontract created a condition precedent to payment, (3) the "pay when paid" provision was unenforceable under the South Carolina Subcontractors' and Suppliers' Payment

Protection Act (the Act)[1], and (4) any delay in payment beyond ninety days was unreasonable. We affirm.[2]

**FACTS**

Clayton, the general contractor for the construction of a new car dealership owned by Herlong Chevrolet-Buick, Inc. and Herlong Family Properties, LLC, (collectively, Herlong) entered into a subcontract (the Subcontract) with J&H on September 24, 2015. Pursuant to the Subcontract, J&H agreed to complete site work for the project. Clayton agreed to pay J&H $688,075.00 for its work and to make progress payments less retainage of ten percent. Over the course of the project, an additional $28,855.70 was added to the contract price, bringing the total to $716,930.70. The Subcontract provided, "Final payment of the balance due shall be made to [J&H] no later than seven (7) days after receipt by [Clayton] of final payment from Owner [for J&H's] work." (hereinafter, "pay when paid" provision). Clayton made progress payments as agreed.

J&H completed its work under the Subcontract and a certificate of occupancy was issued to the dealership on March 20, 2017. J&H submitted its final pay application via email to Clayton on April 26, 2017, seeking payment of $75,298.00, consisting of the retainage and a small outstanding balance. On July 25, 2017, J&H resubmitted its pay application to Clayton. On August 1, 2017, Clayton responded that it had not been paid retainage by Herlong and therefore could not issue the remaining retainage until it was paid. J&H's final day of work on the project, completing punch list items, was in December of 2017. On January 19, 2018, J&H again emailed Clayton seeking its final payment and retainage. Clayton responded on the same day and stated Herlong had not yet paid Clayton as required by the terms of Clayton's contract with Herlong. Clayton did not dispute the amount due or that J&H had satisfactorily completed the work. J&H sent a letter on January 25, 2018, again seeking payment from Clayton. J&H filed a notice and certificate of mechanics' lien[3] on the property on February 27, 2018.

---

[1] S.C. Code Ann. §§ 29-6-10 to -250 (2007 & Supp. 2022).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

[3] *See* S.C. Code Ann. § 29-5-10(a) (2007) ("A person to whom a debt is due for labor performed or furnished or for materials furnished and actually used in the erection, alteration, or repair of a building or structure upon real estate . . . by virtue of an agreement with . . . the owner of the building or structure . . . shall have a lien upon the building or structure and upon the interest of the owner of the

Thereafter, on March 2, 2018, J&H mailed Clayton a demand pursuant to section 27-1-15 requesting payment.  In its March 9, 2018 response, Clayton pointed to the Subcontract's "pay when paid" provision.  Clayton stated it had not received payment from Herlong for the work, was in litigation seeking payment,[4] and would "remit any undisputed contract balances to J&H" as soon as it received such payment or the litigation was fully adjudicated.  Clayton therefore stated that in accordance with the provisions of the Subcontract, "there [we]re no amounts due and owing to J&H" at the time.

J&H brought this action against Clayton and Herlong on May 21, 2018, for foreclosure of its mechanics' lien and alleging causes of action for breach of contract and quantum meruit.  In its answer, Clayton claimed that no amounts were currently due to J&H pursuant to the Subcontract.  In February 2019, Herlong, Clayton, and J&H entered into a settlement agreement pursuant to which Herlong "agree[d] to release $75,298.00 under its contract with Clayton directly to J&H as payment for J&H's subcontract with Clayton on the [p]roject" and J&H agreed to dismiss its claims against Herlong.  The settlement agreement provided, however, that J&H reserved its claims and rights against Clayton for attorney's fees and interest on the allegedly wrongfully withheld contract balance.  Thereafter, both parties filed motions for summary judgment, which the circuit court denied.

The circuit court held a bench trial on the matter in August 2019.  The only issue at trial was whether J&H was entitled to attorney's fees under section 27-1-15 based on Clayton's reliance on the "pay when paid" provision in the Subcontract.  The circuit court found in favor of J&H and concluded it was entitled to attorney's fees under section 27-1-15.  The circuit court rejected Clayton's argument that pursuant to *Elk & Jacobs Drywall v. Town Contractors, Inc.*, 267 S.C. 412, 229 S.E.2d 260 (1976), "pay when paid" clauses were not conditions precedent to payment such that they violated the Act.  The circuit court concluded the "pay when paid" provision in the Subcontract was unenforceable because the plain language of the Act expressly prohibited such terms.  It therefore determined "Clayton's refusal to pay [wa]s unreasonable on its face."  The circuit court ruled the Act—which was passed decades after *Elk*—was controlling as to the issue and, at most, *Elk* stood only for the proposition that a contractor had a reasonable time to attempt to obtain

building or structure in the lot of land upon which it is situated to secure the payment of the debt due to him.").

[4] In August 2017, Clayton filed a mechanics' lien on the property and sued Herlong for the balance owed on the project.

payment from the owner before paying a subcontractor. The circuit court determined that a reasonable delay was "such that would not force [J&H] to resort to legal action" to comply with the provisions of the mechanics' lien statute. The circuit court found delaying payment to J&H longer than ninety days after it requested payment was per se unreasonable because J&H was required to file a mechanics' lien within ninety days of completing its work to preserve its right to payment. The circuit court reasoned that by suspending payment past the statutory deadline for filing the mechanics' lien, Clayton required J&H to initiate legal proceedings that dragged on for two years before J&H was finally paid, even though Clayton did not dispute the amount or that J&H had satisfactorily completed its work. The circuit court "additionally f[ound] Clayton failed to conduct a reasonable and fair investigation" pursuant to section 27-1-15 when it knew the amount owed was undisputed yet still refused to pay J&H. Clayton filed a motion to reconsider, which the circuit court denied. This appeal followed.

## ISSUES ON APPEAL

1. Did the circuit court err by finding Clayton failed to make a reasonable and fair investigation into the merits of J&H's claim under section 27-1-15?

2. Did the circuit court err by finding the "pay when paid" provision created a condition precedent to payment?

3. Did the circuit court err by finding the "pay when paid" provision was unenforceable under the Act?

4. Did the circuit court err by finding any delay in payment beyond ninety days was unreasonable?

## STANDARD OF REVIEW

"When an action at law is tried without a jury, the standard of review extends only to the correction of errors of law." *Gowdy v. Gibson*, 391 S.C. 374, 379, 706 S.E.2d 495, 497 (2011). "The circuit [court]'s findings of fact will only be disturbed on appeal if the findings are wholly unsupported by the evidence or controlled by an erroneous application of the law." *Id.* Statutory interpretation is a question of law, which this court reviews de novo. *Town of Summerville v. City of North Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008).

**ANALYSIS**

**I.  Enforceability of "Pay When Paid" Provision**

Clayton argues the circuit court erred by finding the "pay when paid" provision in the Subcontract created a condition precedent to payment and was unenforceable under section 29-6-230.  Clayton contends that pursuant to the holding in *Elk*, such provision did not create a condition precedent to payment but instead allowed a general contractor to withhold payment for a reasonable time to allow it an opportunity to obtain payment from the owner.  We disagree.

Section 29-6-230 provides,

> Notwithstanding any other provision of law, performance by a construction subcontractor in accordance with the provisions of its contract entitles the subcontractor to payment from the party with whom it contracts.  The payment by the owner to the contractor or the payment by the contractor to another subcontractor or supplier is not, in either case, a condition precedent for payment to the construction subcontractor.  *Any agreement to the contrary is not enforceable*.

(emphasis added).  By its plain language, section 29-6-230 expressly prohibits parties from conditioning payment to the subcontractor upon the owner's payment to the general contractor and further provides that any agreement to the contrary is unenforceable.  *See Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning.").  Here, the Subcontract provided, "Final payment of the balance due shall be made to [J&H] no later than seven (7) days after receipt by [Clayton] of final payment from Owner [for J&H's] work."  The record shows Clayton used this "pay when paid" provision to condition its payment to J&H upon its first receiving payment from Herlong.  When J&H invoiced Clayton for final payment, Clayton relied upon the "pay when paid" provision and refused to pay because it had not yet received payment from Herlong.  The clause therefore created a condition precedent for payment to J&H in violation of section 29-6-230.  Thus, we find the circuit court did not err in concluding section 29-6-230 expressly prohibits parties from agreeing to condition payment to a

subcontractor upon payment to the general contractor and therefore the "pay when paid" provision of the Subcontract was unenforceable.

We reject Clayton's argument that, based upon the holding in *Elk*, the "pay when paid" provision did not create a condition precedent and we find section 29-6-230 is controlling as to this issue. This statute was passed almost twenty-five years after *Elk* and specifically addresses the issue. *See TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 620, 503 S.E.2d 471, 476 (1998) ("T[his c]ourt must presume the legislature did not intend a futile act, but rather intended its statutes to accomplish something."). Its plain language demonstrates a legislative intent that parties cannot condition payment to a subcontractor upon the general contractor receiving payment from the owner. *See Hodges*, 341 S.C. at 85, 533 S.E.2d at 581 ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning."). Here, Clayton relied on the language of the "pay when paid" provision to refuse to pay J&H for its work and therefore applied the provision as a condition precedent to payment. Thus, regardless of the holding in *Elk*, we hold section 29-6-230 rendered the "pay when paid" provision unenforceable because Clayton used it to condition payment to J&H upon Clayton's receiving payment from Herlong.

Further, *Elk* supports the circuit court's conclusion that Clayton could not rely on the "pay when paid" provision to refuse to pay J&H. In *Elk*, our supreme court held the circuit court erred in directing a verdict in favor of the general contractor "solely on the basis it had not received full payment from the owner and, consequently, was not yet liable on its contract with [the subcontractor]." 267 S.C. at 418, 229 S.E.2d at 262. Stated differently, the court disagreed that the general contractor could refuse to pay the subcontractor under these circumstances. *Id.* The facts of *Elk* are similar to this case. In *Elk*, the parties disputed whether the retainage was due to the subcontractor under the terms of their contract because the general contractor had not yet received payment from the owner. *Id.* at 414-16, 229 S.E.2d at 260-61. The parties' subcontract included a clause that stated the general contractor would pay the retainage sixty days after it received "[f]ull and final payment . . . of all the funds due him for th[e] project." *Id.* at 415, 229 S.E.2d at 261. The general contractor raised no question as to the subcontractor's performance under the contract. *Id.* at 415, 229 S.E.2d at 261. Our supreme court noted the circuit court "construed [the provision] as creating a condition precedent to [the general contractor's] liability for the retainage." *Id.* at 416, 229 S.E.2d at 261. Our supreme court rejected this interpretation and held the clause did not "create[] a condition precedent but rather only postponed payment by [the general

contractor] for a reasonable time so as to afford [it] an opportunity to obtain funds from the owner." *Id.* at 418, 229 S.E.2d at 262. Had our supreme court upheld the circuit court's ruling, it would have allowed the general contractor to avoid paying the subcontractor indefinitely, depending on when—and if—it received payment from the owner. *See id.* at 417, 229 S.E.2d at 262 ("To construe [such provision] as requiring the subcontractor to wait to be paid for an indefinite period of time until the general contractor has been paid by the owner, *which may never occur*, is to give to it an unreasonable construction . . . ." (emphasis added) (quoting *Thos. J. Dyer Co. v. Bishop Int'l Eng'g Co.*, 303 F.2d 655, 661 (6th Cir. 1962))). This is precisely the scenario section 29-6-230 prohibits.

Here, as in *Elk*, Clayton employed the Subcontract language to delay payment to J&H indefinitely. Although the court in *Elk* determined a similar contract provision was not a condition precedent to payment, the result of this interpretation was only to allow the general contractor to delay payment for a reasonable time— not to allow it to withhold payment indefinitely. Because Clayton used the clause to delay payment indefinitely, *Elk* supports the circuit court's conclusion that the "pay when paid" provision could not be used as a condition precedent to payment but, at most, could only be interpreted to delay payment for a reasonable time. As we discuss further below, we hold the circuit court did not err in finding a delay of more than ninety days from the date the request was first made was per se unreasonable. *See Elk*, 267 S.C. at 418, 229 S.E.2d at 262 (holding the question of what constituted a reasonable time was a question of fact). However, because J&H also made a demand for payment under section 27-1-15, which imposes its own deadline for payment, section 27-1-15 determines what constitutes a "reasonable time" from the date of the demand.

## II. Compliance with Section 27-1-15

Clayton argues the circuit court erred in finding it failed to conduct a reasonable and fair investigation as to J&H's demand for payment. Clayton contends it replied to J&H's March 2, 2018 demand letter promptly and within the forty-five-day requirement. Clayton asserts its refusal to pay was based upon the "pay when paid" provision in the contract, the fact Herlong had not paid Clayton for J&H's work, and the holding in *Elk*. We disagree.

"The party seeking an award of attorney's fees and interest under the statute has the initial burden of presenting prima facie evidence that the opposing party did not make a fair and reasonable investigation. Whether a party's steps taken were 'reasonable and fair' is a question of fact." *Hardaway Concrete Co. v. Hall*

*Contracting Corp.*, 374 S.C. 216, 229, 647 S.E.2d 488, 495 (Ct. App. 2007) (citation omitted) (quoting *Moore Elec. Supply, Inc. v. Ward*, 316 S.C. 367, 374-75, 450 S.E.2d 96, 100 (Ct. App. 1994)).

> Whenever a contractor . . . has expended labor, services, or materials under contract for the improvement of real property, and where due and just demand has been made by certified or registered mail for payment for the labor, services, or materials under the terms of any regulation, undertaking, or statute, it is the duty of the person upon whom the claim is made to make *a reasonable and fair investigation of the merits of the claim and to pay it, or whatever portion of it is determined as valid, within forty-five days from the date of mailing the demand*. If the person fails to make a fair investigation *or otherwise unreasonably refuses to pay the claim* or proper portion, he is liable for reasonable attorney's fees and interest at the judgment rate from the date of the demand.

§ 27-1-15 (emphases added).

We hold the circuit court did not err in concluding Clayton failed to comply with the requirements of section 27-1-15 and is therefore liable to J&H for attorney's fees. Section 27-1-15 requires a person upon whom a claim is made to pay a valid claim within forty-five days of the demand and if that person "fails to make a fair investigation *or otherwise unreasonably refuses to pay* the claim or proper portion, he is liable for reasonable attorney's fees." (emphasis added). It is undisputed Clayton did not pay any portion of J&H's claim within forty-five days of the demand. Further, Clayton did not dispute the amount of J&H's demand or that J&H satisfactorily completed its work. In addition to finding Clayton failed to make a reasonable and fair investigation, the circuit court found Clayton's "refusal to pay [wa]s unreasonable on its face" because its refusal was premised on the "pay when paid" provision. Although Clayton challenges the circuit court's conclusion that it failed to make a reasonable and fair investigation, it does not specifically challenge the circuit court's conclusion that it unreasonably refused to pay. *See Lindsay v. Lindsay*, 328 S.C. 329, 339, 491 S.E.2d 583, 588 (Ct. App. 1997) (noting unchallenged rulings "are the law of the case"). As we stated, the "pay when paid" provision was unenforceable pursuant to section 29-6-230. Therefore, the record supports the circuit court's conclusion that Clayton's refusal to pay was unreasonable, which triggered Clayton's liability under section 27-1-15.

Accordingly, we hold the circuit court did not err in concluding Clayton is liable to J&H for attorney's fees.

Further, the circuit court did not err in finding Clayton failed to conduct a reasonable and fair investigation under section 27-1-15. Although Clayton responded to the March 2, 2018 demand within the forty-five-day period, it refused to pay solely because it had not yet received payment from Herlong and was therefore not required to pay J&H based on the "pay when paid" provision. Clayton never disputed the amount of the demand or that J&H completed its work as required under the Subcontract at the time it made its final pay application. In other words, Clayton did not challenge the merits of the claim yet it refused to pay. We hold the foregoing supports the circuit court's conclusion that Clayton failed to conduct a reasonable and fair investigation into the merits of the claim under section 27-1-15. Based on the foregoing, we affirm the circuit court's finding that J&H was entitled to attorney's fees pursuant to section 27-1-15.

## III. Reasonableness of Delay in Payment

Finally, Clayton argues the circuit court abused its discretion in concluding a delay of more than ninety days was per se unreasonable. Clayton contends the holding in *Elk* provides a general contractor must be given a reasonable time to allow it to obtain payment from the owner before it is required to pay its subcontractor when the parties' agreement contains a "pay when paid" provision. Clayton contends that pursuant to section 29-5-20(B) of the South Carolina Code (2007),[5] if a general contractor has already filed a mechanics' lien that includes the amount owed to its subcontractors, a subcontractor has no additional rights to protect by filing its own mechanics' lien. Clayton argues J&H's pursuit of a mechanics' lien was therefore unnecessary and a voluntary undertaking of incurring legal expenses. Clayton further contends the circuit court erred by considering events that took place after March 9, 2018, in determining whether Clayton made a fair and reasonable investigation under section 27-1-15. Clayton contends that in determining the reasonableness of its investigation pursuant to section 27-1-15, the circuit court should have considered only whether the "pay when paid" provision was enforceable and if so whether it was reasonable for Clayton to rely on that provision when it replied on March 9, 2018, to J&H's demand. Clayton contends it fulfilled its obligation under the "pay when paid" provision in February of 2019

---

[5] *See* § 29-5-20(B) (providing "in no event shall the total aggregate amount of liens on the improvement exceed the amount due by the owner").

when Herlong paid J&H through the parties' mediated settlement agreement. We disagree.

A person seeking to avail himself of a mechanics' lien must file and serve such lien "within ninety days after he ceases to labor on or furnish labor or materials for [a] building or structure." S.C. Code Ann. § 29-5-90 (2007). Further, he must commence suit to enforce the lien within six months after he ceases to furnish labor or materials for the building or structure. S.C. Code Ann. § 29-5-120(A) (Supp. 2022).

First, because J&H made a demand under section 27-1-15, which gives the responding party forty-five days to pay a meritorious claim, a "reasonable time" to pay such demand is forty-five days. However, prior to making its demand under section 27-1-15, J&H submitted its final pay application in April 2017 and resubmitted it several times thereafter. We find the circuit court's determination as to the reasonableness of the delay concerned the requests that were made *prior* to J&H's formal demand and the circuit court did not err in concluding a delay in payment of more than ninety days was per se unreasonable. The circuit court concluded a reasonable time under the circumstances could not exceed ninety days because Clayton did not dispute the amount or that J&H had satisfactorily completed its work and J&H had ninety days to file a mechanics' lien to protect its right to obtain payment. Clayton refused to pay J&H after several requests. J&H's recourse was to file a mechanics' lien to protect its right to payment. Thus, it had ninety days to file the lien and six months to commence suit to enforce the lien. The certificate of occupancy for the dealership was issued in March 2017. J&H submitted its final pay application on April 26, 2017. Had Clayton paid J&H within ninety days of J&H submitting its final pay application, J&H would not have been forced to file the lien and could have avoided the associated fees and costs of doing so. Based on the foregoing, we find the record supports the circuit court's conclusion that a delay beyond ninety days was unreasonable.

## CONCLUSION

For the foregoing reasons, the circuit court's order finding Clayton was liable to J&H for attorney's fees pursuant to section 27-1-15 is

**AFFIRMED.**

**KONDUROS and HEWITT, JJ., concur.**