**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael Qualls, Appellant,

v.

Town of McBee, Respondent.

Appellate Case No. 2022-001741

———————————

Appeal From Chesterfield County
Michael G. Nettles, Circuit Court Judge

———————————

Unpublished Opinion No. 2024-UP-205
Submitted May 1, 2024 – Filed June 5, 2024

———————————

**AFFIRMED**

———————————

Skyler Bradley Hutto, of Williams & Williams, of Orangeburg, for Appellant.

Jerome Scott Kozacki, of Willcox Buyck & Williams, PA, of Florence, for Respondent.

———————————

**PER CURIAM:** Michael Qualls appeals the circuit court's grant of summary judgment for the Town of McBee (McBee) in Qualls's action for (1) gross negligence; (2) breach of South Carolina Constitutional rights; (3) false imprisonment; and (4) malicious prosecution. On appeal, he argues the circuit court erred in finding McBee and its agents were immune from Qualls's claims of

gross negligence and violations of Qualls's constitutional rights.  We affirm pursuant to Rule 220(b), SCACR.

The circuit court found that Qualls's claims were barred both by judicial immunity and the South Carolina Tort Claims Act (SCTCA); however, Qualls only argues against the judicial immunity finding on appeal.  Therefore, the circuit court's finding that Qualls's gross negligence claim was barred by the SCTCA ruling is the law of the case.  *See First Union Nat'l Bank of S.C. v. Soden*, 333 S.C. 554, 566, 511 S.E.2d 372, 378 (Ct. App. 1998) ("Failure to challenge the ruling is an abandonment of the issue and precludes consideration on appeal.  The unchallenged ruling, right or wrong, is the law of the case and requires affirmance.").[1]

Regarding issues two and three—Qualls's claims of violations of his constitutional rights—we hold the circuit court did not err by granting summary judgment to McBee.  *See Town of Summerville v. City of North Charleston*, 378 S.C. 107, 109-10, 662 S.E.2d 40, 41 (2008) ("A grant of summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.").  Without deciding whether the Clerk of Court for the McBee Municipal Court was entitled to judicial immunity, we examine the merits of these issues and hold that, viewing the evidence in the light most favorable to Qualls, Qualls failed to establish the Clerk was required to send back filed copies of motions and the letter of representation Qualls faxed, and Qualls did not otherwise show said documents had not been filed.  Therefore, Qualls has not shown a genuine issue of material fact exists as to whether his due process rights were violated.  *See Callawassie Island Members Club, Inc. v. Martin*, 437 S.C. 148, 157, 877 S.E.2d 341, 345 (2022) ("When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party." (quoting *Fleming v. Rose*, 350 S.C. 488, 493–94, 567 S.E.2d 857, 860 (2002))).  Accordingly, the circuit court did not err in granting summary judgment.  *See* Rule 56(e), SCRCP ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.").

---

[1] To the extent Qualls seeks a ruling on the gross negligence standard being read into all other exemptions, that issue is not before us on appeal because it was not set forth in the statement of issues and the other claims were not appealed.

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.