**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robert H. Sarn, Appellant,

v.

James C. Rhea, III; City Electric Supply Company; John Doe, a fictitious person representing the class of all unknown adult, mentally competent, unimprisoned, non-military persons, who claim any right, title, or interest in, lien upon, the entity designated as "Täschner Textiles Industries, LLC"; Richard Roe, another fictitious person representing the class of all unknown persons who are either: under the age of eighteen (18) years, imprisoned, or in the Armed Forces, and who claim any right, title or interest in or lien upon, the entity designated as Täschner Textile Industries, LLC," Defendants,

Of which James C. Rhea, III and Täschner Textile Industries, LLC are the Respondents.

Appellate Case No. 2021-001081

———————

Appeal From York County
Teasa Kay Weaver, Master-in-Equity

———————

Unpublished Opinion No. 2025-UP-038
Submitted January 1, 2025 – Filed February 5, 2025

———————

**AFFIRMED**

———————

John Martin Foster, of Rock Hill, for Appellant.

Daniel Joseph Ballou, of Morton & Gettys, LLC, of Rock Hill; and James Nathanial Pierce, of Johnston Allison & Hord, PA, of Charlotte, North Carolina, both for Respondents.

———————

**PER CURIAM:**  Robert Sarn appeals the master-in-equity's order granting summary judgment to James Rhea, III (Rhea) and Täschner Textiles Industries, LLC (TTI) (collectively, Respondents).  On appeal, Sarn argues the master improperly granted summary judgment because discovery had not yet been completed and he was not responsible for the upkeep of the easement.  We affirm pursuant to Rule 220(b), SCACR.

We hold the master-in-equity did not err in granting Respondents' motion for summary judgment because Sarn unambiguously assumed responsibility for the maintenance of the easement.  *See Town of Summerville v. City of N. Charleston*, 378 S.C. 107, 109, 662 S.E.2d 40, 41 (2008) ("When reviewing a grant of summary judgment, an appellate court applies the same standard used by the [circuit] court."); Rule 56(c), SCRCP (explaining summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law").  In the deed in which Sarn conveyed a plot of land to TTI's predecessor, Sarn agreed to keep the easement in a "state of repair and condition as is commensurate with the first[-]class nature of Grantor's development" until the land was designated as a public right of way.  He also executed a document granting the easement at the same time as the deed, stating that Sarn "hereby agrees to be fully responsible for the total cost for the upkeep and maintenance of [the easement]." These clauses unambiguously indicate Sarn's intention to be solely responsible for the upkeep of the easement.  *See Snow v. Smith*, 416 S.C. 72, 85, 784 S.E.2d 242, 248 (Ct. App. 2016) ("When a deed is unambiguous, any attempt to determine the grantor's intent when reserving the easement must be limited to the deed itself, and using extrinsic evidence to contradict the plain language of the deed is improper."); *Madden v. Bent Palm Invs., LLC*, 386 S.C. 459, 465, 688 S.E.2d 597, 600 (Ct. App. 2010) ("A party may not create an ambiguity by reading a single sentence or clause, but rather the contract and the language used must be considered as a whole."); *Klutts Resort Realty, Inc. v. Down'Round Dev. Corp.*, 268 S.C. 80, 88,

232 S.E.2d 20, 24 (1977) ("[W]here instruments are executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction, the courts will consider and construe the instruments together.").

Further, the master did not err in finding Sarn's outstanding discovery requests did not bar summary judgment. *See Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) (stating summary judgment "must not be granted until the opposing party has had a full and fair opportunity to complete discovery"); *Guinan v. Tenet Healthsystems of Hilton Head, Inc.*, 383 S.C. 48, 54-55, 677 S.E.2d 32, 36 (Ct. App. 2009) (explaining that a party opposing summary judgment because they have not been provided a full and fair opportunity to conduct discovery "must advance a good reason why the time was insufficient under the facts of the case, and why further discovery would uncover additional relevant evidence and create a genuine issue of material fact."). Sarn admitted there were no other contracts regarding the easement and failed to identify any reason why further discovery would uncover additional evidence. *See Dawkins*, 354 S.C. at 69, 580 S.E.2d at 439 ("[T]he nonmoving party must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party is 'not merely engaged in a "fishing expedition."'" (quoting *Baughman v. American Tel. and Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 544 (1991))).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.